**Bill R. (Skeet) JONES and wife Jean Jones, Plaintiffs-Appellants,**

v.

**Bernard MULKEY, Administrator of the Estate of Wendell Scott Mulkey and State Farm Mutual Automobile Ins. Co., Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 4, 1981.

Application for Permission to Appeal Denied by Supreme Court Aug. 24, 1981.

Charles R. Terry, Morristown, Jerry J. Phillips, University of Tennessee, Knoxville, for plaintiffs-appellants.

Earnest R. Taylor, Morristown, for defendant-appellee State Farm Mut. Auto. Ins. Co.

OPINION

GODDARD, Judge.

In this interlocutory appeal which was granted upon representation of counsel that resolution of the question presented would be dispositive of the controversy, a single issue is presented by the Plaintiffs:

> The trial court erred in holding that the original plaintiffs and cross-defend-

ants (Bill R. Jones and wife, Jean W. Jones) are entitled only to $40,000.00 of underinsured[1] motorist coverage, rather than to $160,000.00 which represents the total amount of underinsured motorist coverage for which Jones' deceased was insured under four (4) separate automobile liability policies at the date of his death.

The material facts are succinctly stated in the Plaintiffs' brief as follows:

Bill and Jean Jones' son, Steven, was killed in an automobile accident on September 23, 1979, while riding as a passenger in an automobile owned and negligently driven by Wendell Scott Mulkey. Mulkey at the time of the accident was covered by an automobile insurance policy issued by Southeastern Fidelity Insurance Company of Atlanta, Georgia, providing liability insurance coverage with limits of $10,000.00 for any one person in an accident.[2] In addition, at the time of his death Jones' deceased son was insured with underinsured motorist coverage under four (4) separate insurance policies issued by State Farm Mutual Automobile Insurance Company on four (4) vehicles owned by the original plaintiffs herein, Bill and Jean Jones. These policies are identical in the terms of their underinsured motorist (UM) coverage, except as to amount of such coverage: policy no. 4446 755 F28–42 provides $50,000.00 UM coverage per person per accident; policy no. 4291 604 A01–42, provides $50,000.00; policy no. 1821 352 E11–42D provides $50,000.00; and policy no. 1821 353 E11–42B provides $10,000.00.

State Farm by counterclaim and cross action filed a claim asking the trial court to declare that it is liable only for the highest amount of UM coverage ($50,-000.00) under any one of the four (4) policies previously described, less the amount of liability insurance coverage ($10,000.00) of defendant Mulkey's estate —or, in other words, that it is liable only for $40,000.00 of UM coverage. The trial court so held. The Jones contend that this holding was in error, and that State Farm is liable to them for the total amount of underinsured motorist coverage, or $160,000.00.

At the hearing in the Trial Court, counsel for the Plaintiffs apparently conceded that an unreported opinion of this Court, *Crisp v. Ammons*, filed at Knoxville March 14, 1978, which held contra to his position, was dispositive of the issue. That case, after reviewing the various pronouncements of the appellate courts on the subject, concluded that under the applicable statute, now T.C.A. 56–7–1205, and the terms of the policy, which are identical to the policies in question in the case at bar, stacking or pyramiding was not permitted, and, in addition, that the insurer was entitled to credit for the payments made by the liability carrier of the host driver. At the trial level, counsel insisted that *Crisp* was at variance with the holdings of the vast majority of our sister states, and for this reason should be overruled. Upon appeal, in addition to this insistence, he contends that in deciding *Crisp* we overlooked T.C.A. 1–3–104 which provides as to words used in the Code that "singular includes the plural ... except when the contrary intention is manifest," and that had we considered and applied this statute to the 1974 amendment to T.C.A. 56–7–1205 we would have reached a different result.

As to the first insistence, it is clear from the cases that the Tennessee rule is peculiar to this State because, as noted in *Shoffner v. State Farm Mutual Automobile Ins. Co.*, 494 S.W.2d 756 (Tenn.1972), our statute is different from those in other states save perhaps Iowa. In this regard we note that the Supreme Court in *State Automobile Mutual v. Cummings*, 519 S.W.2d 773 (Tenn.

---

1. Counsel for the Plaintiffs in his statement of the issues presented for review and in his statement of the facts used the word "uninsured" rather than "underinsured."

2. It has been brought to our attention by a Rule 14 motion that during the pendency of this appeal the $10,000 coverage afforded by the Southeastern Fidelity policy has been paid into the treasury of the Circuit Court in discharge of its liability under the policy.

1975), did not approve the existence of the statute permitting policy terms to validly limit the maximum collection, nor did this Court in *Crisp* the requirement that a deduction be made for payments made by the liability carrier of a tort feasor. However, the Supreme Court obviously felt bound by the statute, as did we by both the statute and the Supreme Court's pronouncement. However that may be, we understand the case law in this State to provide under appropriate policy language that (1) there is no stacking of coverages, and (2) payments from other sources are deductible from the coverage.

As to the second insistence, counsel is mistaken in supposing that *Crisp* turned on the fact the 1974 amendment used "policy" rather than "policies." It was our view— and we again concede, as we did in *Crisp*, that the Plaintiffs' position is arguable— that had the Legislature intended to permit pyramiding "it would have expressed its purpose more clearly."

In conclusion, we have not overlooked the Plaintiffs' argument that in view of the fact that three policies afford coverage of $50,000 and one $10,000, a problem arises in choosing which policy shall apply. Under the facts of the present case, it seems proper that the Plaintiffs should have the choice where all the policies were issued by the same company. Of course had the policies been issued by different companies, their terms, if any, relative to other insurance and proration would come into play.

For the foregoing reasons the issue on appeal is decided adversely to the Plaintiffs, the Trial Court affirmed, and the cause remanded to the Circuit Court for Hamblen County for such other proceedings as may be necessary. The costs of appeal are adjudged against the Plaintiffs and their surety.

SANDERS and FRANKS, JJ., concur.

