Jane M. HERNANDEZ and Steven
Hernandez, Appellants,

v.

FARMERS INSURANCE
COMPANY, Appellee.

No. 89–1740.

Supreme Court of Iowa.

Sept. 19, 1990.

As Corrected Sept. 26, 1990.

David A. O'Brien of O'Brien, Galvin &
Moeller, Sioux City, for appellants.

Douglas A. Haag of Patterson, Lorent-
zen, Duffield, Timmons, Irish, Becker &
Ordway, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and
LAVORATO, NEUMAN, SNELL, and
ANDREASEN, JJ.

ANDREASEN, Justice.

Steven Hernandez was severely injured
while a passenger in a vehicle driven by an
underinsured motorist. The parties have
stipulated that after the underinsured mo-
torist paid out the limits afforded by his
automobile liability policy, Hernandez still

retains a personal injury claim for over $225,000 in uncompensated damages.

At the time of the accident, Steven Hernandez was the named insured in a policy issued to him by Farmers Insurance Company, Inc. (Farmers). The underinsured motorist coverage under this policy had a limit of $25,000 per person. Steven Hernandez was a resident of his mother's household. As such he was an "insured person" under two policies issued by Farmers to his mother, Jane Hernandez. The underinsured motorist limits for each of these policies was $100,000.

Each of the three policies issued to the Hernandezes contained, under the heading "Other Insurance," the following clause:

5. If any applicable insurance other than this policy is issued to you by us or any other member company of the Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

Citing this clause, Farmers paid $25,000 to Steven Hernandez as the named insured of the policy issued to him, and $75,000 as an "insured person" under the policies issued to his mother.

The Hernandezes filed an action at law against Farmers claiming breach of contract, misrepresentation, and bad faith. Farmers filed a motion for partial summary judgment on the contract claim. The court sustained the motion and the Hernandezes appealed. We reverse.

■ I. Our review of the court's summary judgment is at law. Iowa R.App.P. 4. Entry of summary judgment is proper if, under the entire record, the only conflict concerns the legal consequences flowing from undisputed facts. *Brown v. Monticello State Bank*, 360 N.W.2d 81, 84 (Iowa 1984). Because the facts are not disputed, our task is to construe the provisions of the insurance policies. When construing the underinsured motorist provisions of an insurance policy, we recognize Iowa Code section 516A.2 forms a basic part of the policy and is treated as if it had actually been written

into the policy. *Tri–State Ins. Co. of Minn. v. De Gooyer*, 379 N.W.2d 16, 17 (Iowa 1985). The terms of the policy are to be construed in light of the purposes and intent of the applicable statute. *Id.* Section 516A.2 permits an insurer to write exclusions and limitations into an auto policy relating to underinsured coverage, so long as those conditions are designed to avoid duplication of insurance or other benefits. *Poehls v. Guaranty Nat'l Ins. Co.*, 436 N.W.2d 62, 64 (Iowa 1989).

II. The district court concluded the "other insurance" clause in the three policies are valid and enforceable. It granted partial summary judgment to Farmers relying upon our prior cases, *Tri–State v. De Gooyer*, 379 N.W.2d 16 (Iowa 1985), and *Kluiter v. State Farm Mutual Auto Ins. Co.*, 417 N.W.2d 74 (Iowa 1987), and the Tennessee case of *Jones v. Mulkey*, 620 S.W.2d 498 (Tenn.App.1981).

In *De Gooyer*, we recognized Iowa Code section 516A.2 would permit an insurer to provide limitations designed to prevent stacking of underinsured motorist benefits. We held a "limit of liability" provision contained in the underinsured motorist endorsement was valid. Although the policy provided insurance coverage on two separate vehicles, the limit of liability shown on the declarations page was the maximum limit of liability for all damages resulting from any one accident. The policy expressly provided the maximum limit was the most the insured would receive regardless of the number of vehicles shown in the declarations. *De Gooyer* involved intra-policy stacking. As pointed out in *Kluiter*, potential duplication existed because the insured was seeking to recover as if he had two separate policies. 417 N.W.2d at 76. Because separate policies were issued to the Hernandezes, *De Gooyer* has limited application.

In *Kluiter* the insureds were injured by an underinsured motorist while riding their motorcycle. After recovering damages from the underinsured motorist, they recovered under their motorcycle policy. They then sought underinsured motorist coverage under three separate policies cov-

ering three other automobiles they owned. These policies contained a clause excluding from coverage any vehicle which the insured owned but did not cover under the policy. Although under the terms of these policies the insureds were not entitled to recover, they claimed the exclusion violated public policy as expressed in chapter 516A and should not be enforced. We held the exclusion was valid and enforceable. *Id.* Because we found the policy exclusion was aimed at potential duplication, we held the exclusion prevented the insured from receiving underinsured motorist benefits under a particular policy when the insured is injured while occupying a vehicle he or she owns, but has chosen not to insure under that policy. *Id.* Without the exclusion the insured could have received duplicate coverage by recovering under all the policies. *Id.*

In *Jones* the insured was covered under four separate insurance policies issued by one insurer. Three policies provided underinsured motorist coverage of $50,000 per person per accident and the fourth policy provided $10,000 coverage. The Tennessee Court of Appeals held that under the applicable statute and the terms of the policy stacking or pyramiding was not permitted. 620 S.W.2d at 499. We have said Tennessee law is persuasive authority in Iowa on this subject due to the similarity of Tennessee's underinsured motorist insurance statute to our own. *McClure v. Employers Mut. Casualty Co.*, 238 N.W.2d 321, 326–27 (Iowa 1976). However, in *Lindahl v. Howe*, 345 N.W.2d 548 (Iowa 1984), we refused to follow the Tennessee Supreme Court and held that an exclusion is invalid where no duplication of benefits is shown to exist. *See also Rodman v. State Farm Ins. Co.*, 208 N.W.2d 903, 910 (Iowa 1973).

■ III. In its ruling on partial summary judgment the district court stated, "the question is whether the anti-stacking clause in the three policies issued to the plaintiffs is valid and enforceable under Iowa law." Before addressing the stacking question, we review the coverage provided the injured party. Steven Hernandez claimed underinsured motorist coverage under three separate policies issued by Farmers. Farmers paid $25,000 under the policy issued to him. The "other insurance" clause has no application to this payment. By policy definition, "you" means the "named insured" shown in the declaration. The "other insurance" limitation in his policy only applies if other applicable insurance was issued by Farmers to Steven.

The language of the "other insurance" clause limits the total amount payable to the sum of $100,000 upon the two policies issued to Steven's mother. Farmers paid $75,000 to Steven under the policies issued to his mother. This payment did not discharge Farmers obligation to Steven as the insured under his mother's policies.

IV. Steven's right to recovery as an "insured person" under the policies issued to his mother is subject to the stacking limitation contained in the policies unless the "other insurance" clause is in violation of public policy as expressed in Iowa Code chapter 516A.

■ Under the Iowa statute, uninsured and underinsured motorist coverage must be offered as a part of each automobile liability insurance policy issued in Iowa. Iowa Code § 516A.1. However, insurers may include in their policies terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits. Iowa Code § 516A.2. With both types of coverage we find no duplication of benefits until the purpose of the coverage has been met. In *Lemrick v. Grinnell Mutual Reinsurance Company*, 263 N.W.2d 714 (Iowa 1978), we held an "other insurance" clause to be invalid because the enforcement of its provisions would have frustrated the purpose of uninsured motorist coverage, which is minimum compensation. *Id.* The purpose of underinsured motorist coverage is aimed at full compensation of the victim. *McClure v. Northland Ins. Co.*, 424 N.W.2d 448, 450 (Iowa 1988). Accordingly, we see no duplication of benefits until the victim has been fully compensated. *Id.* Our reasoning is consistent with that expressed in our re-

cent case *Leuchtenmacher v. F.B.M.I. Co.,* 461 N.W.2d 291 (1990).

V. We conclude the enforcement of the anti-stacking provisions contained in the policies issued by Farmers would frustrate the protection given to insureds under section 516A.1. To enforce the provision would not avoid duplication but would deprive the insured of full compensation under the policy. As a matter of law, Farmers was not entitled to a partial summary judgment and the judgment must be reversed.

REVERSED AND REMANDED.