Peter **DESSEL**, Appellant,

v.

**FARM AND CITY INSURANCE COMPANY, Appellee.**

No. 92–292.

Supreme Court of Iowa.

Jan. 20, 1993.

Jim R. Lawyer and Tom L. Drew, West Des Moines, for appellant.

David J. Grace of Davis, Grace, Horvath, Rouwenhorst & Vernon, P.C., West Des Moines, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

Peter Dessel, an insured party under a policy written by Farm and City Insurance Company appeals from a judgment of the district court upholding an "owned but not insured" provision of the policy. We affirm.

Dessel was seriously injured when the motorcycle he was operating collided with a milk truck. The truck was insured for liability, but its limits of $100,000 were inadequate to compensate Dessel for his injuries.

Dessel's motorcycle did not have underinsured motorist coverage; however, his 1974 pickup truck had $20,000 in underinsured motorist coverage, and that is the subject of this action. Dessel demands payment of that amount from his insurance company.

The problem with Dessel's case is that his pickup policy had this exclusion:

We do not provide Underinsured Motorist Coverage for bodily injury sustained by any person:

1. While occupying ... any motor vehicle owned by you ... which is not insured for this coverage under this policy.

Because the parties agree for purposes of this appeal that Dessel is otherwise entitled to coverage under the underinsured motorist provision of his policy because he was "legally entitled to recover" against the truck driver, the sole issue is whether the "owned but not insured" exclusion is valid.

Dessel claims that such an exclusion is not valid because of the language of section 516A.1 (1991), which requires coverage

for the protection of persons insured under such policy who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or a hit-and-run motor vehicle or an underinsured motor vehicle because of bodily injury, sickness, or disease, including death resulting therefrom....

This court has had occasion to examine similar clauses in the context of *un*insured motorist coverage, *Lindahl v. Howe*, 345 N.W.2d 548 (Iowa 1984), as well as in the context of *under*insured coverage. *See Kluiter v. State Farm Mut. Auto. Ins. Co.*, 417 N.W.2d 74 (Iowa 1987). As to *un*insured motorist coverage, we struck down the "owned but not insured" exclusion on the ground that it violated section 516A.1. *Lindahl*, 345 N.W.2d at 551.

In *Kluiter*, we distinguished *Lindahl* on the ground that, in an uninsured motorist case, recognition of the exclusion would

deny the insured any coverage, while in the context of the underinsured motorist coverage, the insured would at least have recovered the policy limits of the tortfeasor's insurance. *Kluiter*, 417 N.W.2d at 75.

Dessel's injuries were sustained while operating a motorcycle owned by him on which he had elected to carry no insurance. A motorcycle, of course, creates a substantially greater risk of injury than conventional vehicles. Here, Dessel's insurance company was presumably unaware that Dessel owned or operated a motorcycle. This points out the practical justification for the "owned but not insured" exclusion. As one court has noted,

> [w]e deem it obvious that a person is more likely to be occupying an owned vehicle than he is to be occupying a vehicle owned by someone else. Hence, an insurance carrier may be willing to assume risks which it perceives as relatively slight, *i.e.*, being damaged by an uninsured motorist while occupying a non-owned vehicle, without an increase in premium. It might be unwilling to insure against the risk it perceives as substantial without an increase in premium. If an insurer is required to insure against a risk of an undesignated but owned vehicle, or a different and more dangerous type of vehicle of which it has no knowledge, it is thereby required to insure against risks of which it is unaware, unable to underwrite, and unable to charge a premium therefor.

*Dullenty v. Rocky Mountain Fire & Casualty Co.*, 111 Idaho 98, ——, 721 P.2d 198, 206 (1986) (uninsured motorist case); *accord* 8C John Appleman, *Insurance Law & Practice* §§ 5078.35, 5106 (1981 & Supp. 1991). *See generally, Nationwide Mut. Ins. Co. v. Hampton*, 935 F.2d 578 (3d Cir.1991) (discusses rule in various jurisdictions).

Unlike the case in *Lindahl*, recognition of the exclusion in this case would not fully deny the insured coverage for his injuries. Therefore, we distinguish *Lindahl* and, consistently with *Kluiter*, hold that the

"owned but not insured" exclusion is valid. We affirm the district court.

AFFIRMED.