Judy RODISH and Steven
Rodish, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellee.

No. 92–591.

Supreme Court of Iowa.

June 16, 1993.

Luis Herrera of Herrera & Schemmel,
P.C., Des Moines, for appellants.

Mark L. Tripp and Gregory A. Witke of
Bradshaw, Fowler, Proctor & Fairgrave,
P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and
LARSON, SCHULTZ, LAVORATO, and
ANDREASEN, JJ.

LARSON, Justice.

Judy Rodish was injured in an accident
with an uninsured motorist. At the time,
Judy was occupying a Thunderbird owned
by her and her husband and insured by
Principal Casualty Insurance Company
(Principal). Principal paid its limits of
uninsured motorist benefits to the Rodishes
who then sought uninsured motorist bene-
fits from State Farm Mutual Automobile
Insurance Company under a policy on a
Cadillac also owned by the Rodishes. The
Cadillac was not involved in the accident.

State Farm denied the claim, relying on
the "antistacking" and "excess" provisions
of its policy. Rodishes commenced this
declaratory judgment action to determine
their rights under the second policy. The
district court granted summary judgment
to State Farm. We affirm.

Under Iowa Code sections 516A.2 and
321A.1(10) (1991), uninsured motorist cov-
erage of at least $20,000 must be made
available in all automobile liability policies.
Section 516A.2 also provides:

> Such forms of coverage may include
> terms, exclusions, limitations, conditions,
> and offsets which are designed to avoid
> duplication of insurance or other bene-
> fits.

A 1991 amendment to section 516A.2
added language expressly declaring that it
abrogated our decision in *Hernandez v.
Farmers Insurance Co.*, 460 N.W.2d 842
(Iowa 1990). That amendment states in
part:

> It is the intent of the general assembly
> that when more than one motor vehicle
> insurance policy is purchased by or on
> behalf of an injured insured and which
> provides uninsured, underinsured, or hit-
> and-run motor vehicle coverage to an in-
> sured injured in an accident, the injured
> insured is entitled to recover up to an

amount equal to the *highest single limit for uninsured, underinsured, or hit-and-run motor vehicle coverage under any one of the above described motor vehicle insurance policies* insuring the injured person which amount shall be paid by the insurers according to any priority of coverage provisions contained in the policies insuring the injured person.

1991 Iowa Acts ch. 213, § 30 (emphasis added).

The provisions of section 516A.2 are considered to be a part of all automobile liability policies, *Veach v. Farmers Ins. Co.*, 460 N.W.2d 845, 847 (Iowa 1990), and we construe the State Farm policy accordingly.

The plaintiffs present two theories of recovery. They claim first that, because the State Farm policy provided uninsured motor vehicle coverage of $100,000, they are entitled to recover $50,000, which is the difference between the $50,000 received from Principal and the $100,000 uninsured limits of State Farm. As an alternative argument, they claim they are entitled to recover $20,000, which is the minimum amount of uninsured coverage required by sections 516A.2 and 321A.1(10).

State Farm's amended endorsement 6025RR provided:

b. When Coverages U and W Do Not Apply

Item 2 is deleted and replaced by the following:

THERE IS NO COVERAGE FOR DAMAGES IN EXCESS OF THE AMOUNT OF THE MINIMUM LIMITS OF LIABILITY REQUIRED BY IOWA LAW UNDER:

a. UNINSURED MOTOR VEHICLE COVERAGE U, OR

b. UNDERINSURED MOTOR VEHICLE COVERAGE W

FOR *BODILY INJURY* TO AN *INSURED:*

a. WHILE *OCCUPYING,* OR

b. THROUGH BEING STRUCK BY

A MOTOR VEHICLE OWNED BY *YOU, YOUR SPOUSE* OR ANY *RELATIVE* IF IT IS NOT *YOUR CAR,* A *NEWLY ACQUIRED CAR* OR A *TEMPORARY SUBSTITUTE CAR.*

c. The following is added:

If There is Other Coverage

Under the uninsured motor vehicle coverage, if the *insured* sustains *bodily injury* while *occupying* a vehicle owned by *you, your spouse* or *relative* which is not *your car,* a *newly acquired car,* or a *temporary substitute car,* this policy shall:

a. be excess: and

b. apply only in an amount that does not exceed the applicable minimum limit required by Iowa law for bodily injury liability.

Subject to the above, if other policies apply as excess, we are liable only for our share. Our share is that per cent of the damages in excess of the limits of the primary coverage that the applicable minimum limit required by law for bodily injury liability bears to the total of all uninsured motor vehicle coverage applicable as excess to the accident.

Principal was liable for the primary coverage because its insured vehicle was the one involved in the accident. State Farm's policy provides only "excess" coverage. The primary coverage of $50,000 had already been paid to the Rodishes, thus exceeding the $20,000 minimum required by statute, according to State Farm.

The plaintiffs argue that Iowa Code section 516A.2 does not permit this interpretation because it requires uninsured motorist benefits "up to an amount equal to the highest single limit for uninsured ... coverage under any one of the ... policies...." State Farm's uninsured benefits of $100,000 are the highest limit, and that is the total amount (including Principal's payment of $50,000) to which the plaintiffs are entitled, according to them.

State Farm's policy was effective April 11, 1988, and this accident occurred on June 1 of that year. The amendment relied on by the plaintiffs was not enacted until 1991. Even if we give the 1991 amendment retroactive application on the basis it

merely clarifies preexisting law, as Rodishes apparently believe we should, this amendment still does not require payment of additional uninsured benefits in this case. The full $100,000 of uninsured motorist benefits would not be payable if State Farm's coverage was only excess.

The 1991 amendment to section 516A.2, providing for payment of benefits between policies "according to any priority of coverage provisions contained in the policies insuring the injured person," makes it clear that "other insurance" provisions such as State Farm's are valid limitations on the liability for uninsured motorist benefits.

Additional uninsured motorist benefits under the State Farm policy would be payable only if the recovery from the primary carrier was insufficient to meet the $20,000 floor required by Iowa Code sections 516A.2 and 321A.1(10). That is not the case here. We therefore affirm the summary judgment.

**AFFIRMED.**