Bradley J. CIHA and Kim
Ciha, Appellants,

v.

Donald L. IRONS, Sr., Danny Joe Irons,
and American Family Insurance
Company, Appellees.

No. 92–1842.

Supreme Court of Iowa.

Dec. 22, 1993.

Robert R. Rush and Jana L. Happel of Lynch, Dallas, Smith & Harman, P.C., Cedar Rapids, for appellants.

Marsha M. Beckelman and James P. Craig of Moyer & Bergman, Cedar Rapids, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The issue in the present case is whether American Family's "owned-but-not-insured" exclusion clause is authorized by Iowa Code section 516A.2(1) (1991) as an exclusion designed to avoid duplicate benefits. The plaintiffs, Bradley and Kim Ciha, argue that the exclusion is not authorized under Iowa Code chapter 516A. We believe that the clause is valid and affirm the judgment of the district court.

Bradley was injured on May 26, 1991, when the motorcycle he was operating collided with a vehicle driven by defendant Danny Joe Irons. At the time of the accident, Bradley's motorcycle was insured by National General Insurance Company, which provided Bradley with $20,000 in underinsured coverage. National has paid that full amount to Bradley. Additionally, the Cihas owned two other vehicles that were separately insured by defendant American Family Insurance, which provided the Cihas with $100,000 in underinsured coverage under each policy. The policy with American Family, however, contained provisions specifically excluding underinsured motorist benefits for bodily injury to an insured occupying a vehicle owned by the insured, but not insured under the American Family policies. American Family denied any coverage under its policies.

The Cihas filed a petition against American Family, alleging breach of contract based on nonpayment of underinsured motorist benefits. On June 5, 1992, American Family

filed a motion for summary judgment on the breach of contract issue. The Cihas filed a resistance to American Family's motion and subsequently filed a cross-motion for partial summary judgment. The district court granted American Family's motion for summary judgment and denied the Cihas' cross-motion. The Cihas have appealed.

■ Our scope of review of the district court's order granting summary judgment is for the correction of errors at law. *Keller v. State*, 475 N.W.2d 174, 179 (Iowa 1991). To sustain a motion for summary judgment, the entire record must show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c).

The "owned-but-not-insured" clause contained in the Cihas' policies provides that coverage does not apply to bodily injury to a person who is occupying, or is struck by, a motor vehicle owned by the insured, his or her spouse, or any relative, if it is not insured under the policy. The Cihas claim that, effective July 1, 1991, section 516A.2 was amended by the legislature to abrogate prior case law upholding such clauses, rendering American Family's exclusion void as a matter of law. We disagree.

■ Prior to 1991, section 516A.2 provided that underinsured and uninsured motorist coverages could include terms, exclusions, limitations, conditions, and offsets that are designed to avoid duplication of insurance benefits. Effective July 1, 1991, the legislature amended section 516A.2, stating that, when more than one motor vehicle insurance policy is purchased by or on behalf of an injured insured and provides underinsured or uninsured vehicle coverage to an insured injured in an accident, "the injured insured is entitled to recover up to an amount equal to the highest single limit for underinsured or uninsured vehicle coverage under any one of the insurance policies insuring the injured person...." The Cihas contend that the 1991 amendment to section 516A.2 abrogates our decision in *Kluiter v. State Farm Mutual Automobile Insurance Co.*, 417 N.W.2d 74 (Iowa 1987), which upheld the validity of "owned-but-not-insured" clauses.

In *Kluiter*, insureds husband and wife were injured by an underinsured motorist while riding their motorcycle. *Kluiter*, 417 N.W.2d at 74. They received underinsured motorist coverage benefits from Grinnell Mutual Insurance by virtue of their motorcycle policy and also settled with the underinsured motorist and his carrier for policy limits. *Id.* When the husband and wife presented a claim against State Farm for additional underinsured benefits under three separate policies covering other vehicles owned by them, State Farm denied coverage based on the "owned-but-not-insured" clause contained in the policies. *Id.* at 75. Upon appeal from the district court ruling upholding the validity of the clause, this court affirmed the judgment of the district court, holding that the "owned-but-not-insured" clause prevented the insured from receiving duplicative benefits under more than one policy. *Id.* at 76. This court distinguished policies for underinsured coverage from uninsured coverage, pointing out that, in cases involving uninsured coverage, the exclusion would prevent the insured from receiving any benefits. *Id.*; see *Lindahl v. Howe*, 345 N.W.2d 548, 551 (Iowa 1984).

The validity of the "owned-but-not-insured" clause was once again questioned in *Dessel v. Farm & City Insurance Co.*, 494 N.W.2d 662 (Iowa 1993). Dessel, the insured, was injured when the motorcycle he was riding collided with a truck. *Dessel*, 494 N.W.2d at 663. The truck's liability limits of $100,000 were inadequate to compensate Dessel for his injuries. *Id.* Although Dessel did not have underinsured coverage on the motorcycle, his pickup did have $20,000 in underinsured motorist coverage. *Id.* The insurance company denied benefits under the policy covering the pickup based on the "owned-but-not-insured" clause. *Id.* This court upheld the denial of benefits, holding that, consistent with our decision in *Kluiter*, the exclusion would not fully deny the insured coverage. *Id.* at 664.

In the present case, we do not believe the amendments to section 516A.2 have abrogated our decisions in *Kluiter* or *Dessel*. It is important to note that the 1991 amendments to section 516A.2 did not amend or delete the

**494**

language of old section 516A.2 providing that coverage may include exclusions that are designed to avoid duplicate benefits. Furthermore, the language of section 516A.2(2) is clear that the legislature intended to validate existing antistacking provisions, overruling *Hernandez v. Farmers Insurance Co.*, 460 N.W.2d 842 (Iowa 1990). We must assume that the legislature was aware of our construction of section 516A.2 and that if it had sought to remedy any perceived injustice it would have clearly done so. *See Tri–State Ins. Co. v. DeGooyer*, 379 N.W.2d 16, 19 (Iowa 1985).

We believe that the legislature's abrogation of *Hernandez* and the limitation on recovery under multiple policies evidences a legislative intent to limit rather than expand underinsured motorist benefits. Under section 516A.2(3), an injured insured is limited to recovery of an amount equal to the highest single limit of the *applicable* policies. Here, the American Family policies are not applicable because they contain "owned-but-not-insured" exclusions.

In *Dessel*, this court noted that

> [i]f an insurer is required to insure against a risk of an undesignated but owned vehicle, or a different or more dangerous type of vehicle of which it has no knowledge, it is thereby required to insure against risks of which it is unaware, unable to underwrite, and unable to charge a premium therefor.

*Dessel*, 494 N.W.2d at 664 (citing *Dullenty v. Rocky Mountain Fire & Casualty Co.*, 111 Idaho 98, 106, 721 P.2d 198, 206 (1986)). In the present case, Ciha chose to obtain underinsured motorist coverage in the amount of $20,000 from National General Insurance. Ciha, however, chose not to insure his motorcycle on his other policies with American Family.

We hold that, pursuant to this court's holdings in *Kluiter* and *Dessel* and consistent with amended section 516A.2, the Cihas are not entitled to receive additional underinsured motorist benefits from American Family. The district court was correct in granting American Family's motion for summary judgment.

**AFFIRMED.**