**Bruce L. BARRON, Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

**No. 94–1732.**

Supreme Court of Iowa.

Nov. 22, 1995.

Mark L. Tripp and Karl Olson of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Robert G. Tully and Richard H. Doyle of Michael J. Galligan Law Firm, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

In this interlocutory appeal, we must decide the effect of enabling language in a 1991 amendment to Iowa Code section 516A.2 that allows antistacking provisions pertaining to underinsured motorist coverage. *See* 1991 Iowa Acts ch. 213, § 30. The enabling language made the legislation applicable to "all causes of action accruing on or after July 1, 1991, and to those accruing before July 1, 1991, which are filed on or after September 15, 1991." 1991 Iowa Acts ch. 213, §. 39.

An insured sued an underinsured motorist before September 15, 1991, for injuries and damages arising out of a two-vehicle accident in June 1990. However, the insured did not file the present action against his insurer on his underinsured motorist (UIM) claim until after September 15, 1991. On cross applications for adjudication of law points, the dis-

trict court ruled that the suit against the underinsured motorist was sufficient to preclude applicability of the new legislation. We disagree and reverse.

### I. Background Facts.

Bruce L. Barron was injured in a two-vehicle accident on June 2, 1990. On that date the truck he owned and was operating was rear-ended by a vehicle owned by Bruce Dalton and operated by a family member. Barron allegedly suffered damages exceeding $110,000 in the accident.

At the time of the accident, Barron owned two vehicles covered by separate policies issued by State Farm. Identical policy clauses provided (1) UIM coverage with policy limits of $20,000, and (2) medical payment coverage with policy limits of $10,000. Each policy also contained identical antistacking provisions.

### II. Background Proceedings.

Barron sued the Daltons on March 5, 1991. This suit was settled September 14, 1992, when Rodney Dalton's insurer surrendered the $50,000 limit of Dalton's automobile liability policy to Barron. Upon Barron's subsequent demand, State Farm paid him the $30,000 combined UIM/medical payment limits under the policy insuring his truck. State Farm denied Barron coverage for the same policy limits under the policy insuring Barron's automobile.

Barron sued State Farm on November 23, 1993, seeking an additional $30,000 for UIM and medical payment coverage under the automobile policy. He later dropped the $10,000 medical payment claim.

The parties submitted cross applications for adjudication of law points. See Iowa R.Civ.P. 105. After a hearing, the court ruled in Barron's favor, concluding the 1991 amendment to section 516A.2 was not applicable to the present action. State Farm filed a motion to vacate and reconsider, which Barron resisted. See Iowa R.Civ.P. 244. After taking the matter under advisement, the court issued an amended and substituted ruling against State Farm.

We granted the parties' joint application for interlocutory appeal.

### III. Scope of Review.

The issues on appeal arise from the district court's interpretation of a statute. This is a legal question. So our review is at law. Iowa R.App.P. 4; State v. Blakley, 534 N.W.2d 645, 647 (Iowa 1995).

### IV. Whether the Enabling Clause Implementing the 1991 Amendment to Iowa Code Section 516A.2 Precludes Barron's November 23, 1993, Suit Against State Farm on the Automobile Policy.

In its ruling the district court concluded that

the language of Section 39 of the Act, "all causes of action" means and includes either actions against the underinsured carrier, or actions against the underinsured torfeasor. Therefore, [if] a plaintiff's case accrues before July 1, 1991, and plaintiff files, prior to September 15, 1991, either a suit against the tortfeasor or against plaintiff's underinsurance carrier, or both, the 1991 amendment to Code Section 516A.2 is not applicable and the law as held under Hernandez applies.

(Emphasis added.)

Placing the merits in the appropriate context requires reviewing the history of our law on antistacking provisions in motor vehicle insurance policies.

A. Hernandez v. Farmers Insurance Co., 460 N.W.2d 842 (Iowa 1990). The watershed case regarding the issues raised in this appeal is Hernandez. In Hernandez, we interpreted Iowa Code section 516A.1. Section 516A.1 pertinently provides that

[b]oth the uninsured motor vehicle or hit-and-run motor vehicle coverage, and the underinsured motor vehicle coverage shall include limits for bodily injury or death at least equal to those stated in section 321A.1, subsection 10 [twenty thousand dollars because of bodily injury to one person in any one accident].

We concluded in Hernandez that antistacking provisions—identical to those at issue here—in three separate UIM policies were unenforceable under section 516A.1. These provisions were unenforceable because they contravened the purpose of underinsured motorist coverage, which is aimed at

full compensation for the victim. *Hernandez,* 460 N.W.2d at 844. We stated that permitting antistacking clauses in motor vehicle insurance policies "would frustrate the protection given to insureds under section 516A.1." *Id.* at 845.

B. *The 1991 amendment of section 516A.2.* The Iowa legislature clarified its position on the stacking issue immediately after *Hernandez* by amending section 516A.2. *See* 1991 Iowa Acts ch. 213, § 30. Before the amendment, we interpreted 516A.2 as

> permit[ting] an insurer to write exclusions and limitations into an auto policy, even relating to ... underinsured coverage, so long as those conditions 'are designed to avoid duplication of insurance or other benefits.'

*Poehls v. Guaranty Nat'l Ins. Co.,* 436 N.W.2d 62, 64 (Iowa 1989) (citations omitted). The 1991 amendment added the following language to section 516A.2:

> To the extent that *Hernandez v. Farmers Insurance Company,* 460 N.W.2d 842 (Iowa 1990), provided for interpolicy stacking of uninsured or underinsured coverages in contravention of specific contract or policy language, *the general assembly declares such decision abrogated and declares that the enforcement of the antistacking provisions contained in a motor vehicle insurance policy does not frustrate the protection given to an insured under section 516A.1.*
>
> ....
>
> *It is the intent of the general assembly that* when more than one motor vehicle insurance policy is purchased by or on behalf of an injured insured and which provides uninsured, underinsured, or hit-and-run motor vehicle coverage to an insured injured in an accident, *the injured insured is entitled to recover up to an amount equal to the highest single limit for* uninsured, *underinsured,* or hit-and-run *motor vehicle coverage under any one of the above described motor vehicle insurance policies insuring the injured person* which amount shall be paid by the insurers according to any priority of coverage pro-

visions contained in the policies insuring the injured person.

(Emphasis added.)

The 1991 amendment abrogated our *Hernandez* decision. Now antistacking policy provisions pertaining to underinsured motorist coverage are valid and enforceable. This is so even when the various policies involved are issued by different insurers. *Mewes v. State Farm Auto Ins. Co.,* 530 N.W.2d 718, 724 (Iowa 1995) (interpreting the 1991 amendment to section 516A.2).

The enabling language implementing the 1991 amendment to section 516A.2 is located farther down in chapter 213 of the 1991 Iowa Acts. The language provides that the amendment "applies to *all causes of action* accruing on or after July 1, 1991, and to those *accruing before July 1, 1991, which are filed on or after September 15, 1991.* " 1991 Iowa Acts ch. 213, § 39 (emphasis added).

C. *The merits—the enabling clause implementing amended section 516A.2.* State Farm thinks the meaning of the enabling language is clear: Barron had to sue State Farm on his UIM claim before September 15, 1991. That, says State Farm, was the only way Barron could avoid the antistacking provisions of amended section 516A.2.

In contrast, Barron contends the enabling language clearly supports the district court's interpretation. That interpretation allows the filing of either or both lawsuits before September 15, 1991, to avoid application of the amendment.

Barron's argument in support of his contention is this. First, he says, a cause of action against the underinsured motorist is a prerequisite to a UIM claim. The underlying cause of action against the underinsured motorist and the UIM claim are therefore indispensably linked. Second, he continues, the term "all causes of action" in the enabling language is not limited in any way. So, he concludes, the term "all causes of action" necessarily includes suits filed against the uninsured motorist.

Barron's argument is flawed for several reasons. As to the first premise, we point out that section 516A.1—the UIM provision—does not require the injured party to

sue the underinsured motorist before proceeding against the insurer on the UIM claim. *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.,* 461 N.W.2d 291, 294 (Iowa 1990) (insured can sue insurer directly on UIM claim to recover damages insured is "legally entitled to recover" under section 516A.1 and is not required to sue underinsured motorist separately to determine these damages). So, contrary to Barron's first premise, the underlying cause of action against the underinsured motorist is not indispensably linked to the UIM claim.

As to Barron's second premise, we have said that "[t]he word 'all' is commonly understood and usually does not admit of an exception, addition or exclusion." *Consolidated Freightways Corp. v. Nicholas,* 258 Iowa 115, 121, 137 N.W.2d 900, 904 (1965). As Barron points out, the word "all" in the enabling language "all causes of action" is not limited in any way. That is clear, so we need not engage in statutory construction. *Krull v. Thermogas Co.,* 522 N.W.2d 607, 612 (Iowa 1994).

However, interpreting "all" in the enabling language "all causes of action" in this manner hurts, rather than helps, Barron's cause. If we say that the word "all" admits of no exception, addition, or exclusion, then the enabling language "all causes of action" means *all causes of action of any nature.* So the enabling language "all causes of action" would necessarily include suits on UIM claims.

We reach the same conclusion if we interpret the enabling language "all causes of action" in context. In doing so, we interpret the enabling language "all causes of action" to mean all causes of action on uninsured, underinsured, and hit-and-run motor vehicle claims. We think this is a reasonable interpretation and one the legislature actually intended. We say this because the antistacking language of amended section 516A.2 deals exclusively with uninsured, underinsured, and hit-and-run motor vehicle coverages.

Barron filed his action against State Farm on November 23, 1993. This was over two years after September 15, 1991—the date the antistacking provisions in Barron's automobile and truck policies became enforceable under amended section 516A.2 and the facts of this case. As a matter of law, the antistacking provisions of amended section 516A.2 apply to Barron's auto and truck policies. The district court erred in concluding otherwise.

### V. *Disposition.*

The district court erred in concluding the antistacking provisions of amended section 516A.2 do not apply to Barron's two policies. We therefore reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**