AMERUS BANK, Appellee,

v.

Clement E. CANOVA and Sandra Canova, Appellants.

No. 96–121.

Court of Appeals of Iowa.

May 29, 1997.

James L. Spellman, Des Moines, for appellants.

Margaret C. Callahan and Jeremy C. Sharpe of Belin Harris Lamson McCormick, P.C., Des Moines, for appellee.

Heard by HUITINK, P.J., and STREIT and VOGEL, JJ.

VOGEL, Judge.

Clement and Sandra Canova ("Canovas") appeal a district court ruling granting AmerUs Bank's (formerly known as Midland Savings Bank) motion for summary judgment on its action to foreclose two mortgages on the Canovas' homestead. The Canovas contend AmerUs was prohibited under the Iowa Consumer Credit Code from collecting fees included in a reaffirmation agreement.

*Scope of review.* Our review of a successful summary judgment motion is for correction of errors at law. *Ciha v. Irons,* 509 N.W.2d 492, 493 (Iowa 1993) (per curiam); Iowa R.App.P. 4. We must determine whether a genuine issue of material fact existed and whether the district court correctly applied the law. *Howard v. Schildberg Construction Co.,* 528 N.W.2d 550, 552 (Iowa 1995); *Ottumwa Housing Auth. v. State Farm Fire & Casualty Co.,* 495 N.W.2d 723, 726 (Iowa 1993).

*Reaffirmation agreement and attorney fees.* The Canovas gave two mortgages to AmerUs, one securing a note for $36,405 in 1978, and a second securing a note for $17,500 in 1987. There was a notation at the top of the second note stating, "This is a consumer transaction." The mortgage itself stated it was a "consumer mortgage." In 1993 the Canovas filed for protection under Chapter 7 bankruptcy and approached AmerUs about reaffirming both debts. AmerUs agreed to the reaffirmation on the condition the Canovas pay an additional $1510 representing abstract costs and attorney fees incurred by AmerUs in the foreclosure proceeding. On June 15, 1993, the Canovas signed the reaffirmation agreement but again became delinquent on the payments in 1995. AmerUs now seeks to foreclose both mortgages. Canovas argue that because the second note and mortgage stated it was a consumer credit transaction, AmerUs was prohibited by Iowa Code sections 537.7103 and 537.2507 from adding on attorney fees as well as other fees in the reaffirmation agreement.

■ Following the filing of a bankruptcy petition, two methods by which debtors retain possession of secured property are proffered by the Bankruptcy Code: redemption or reaffirmation. *See* 11 U.S.C. § 722 (1994 & Supp. I 1995) and 11 U.S.C. § 524(c) (1994 & Supp. I 1995), respectively. "Reaffirmation contemplates a *voluntary* post-petition agreement between the debtor and creditor." *In re Pendlebury,* 94 B.R. 120, 122 (Bankr. E.D.Tenn.1988). (Emphasis added.) A debtor has no right to force reaffirmation upon a creditor; rather, the debtor must negotiate. *Id.*

■ As an alternative to losing their property or redeeming it, the Canovas voluntarily approached AmerUs regarding reaffirmation. The Canovas had considerable bargaining power with AmerUs in negotiating the reaffirmation agreement. *See Pendlebury,* 94 B.R. at 124–25 (discussing debtor's "considerable bargaining power" in reaffirmation negotiations). However, it is not incumbent on the creditor to accept all terms presented to it, and AmerUs was under no legal obligation to accept the terms preferred by the Canovas. *Id.* In fact, AmerUs exercised its right to negotiate and vary the terms of the agreement by conditioning the acceptance of the new agreement upon including the extra expenses ($1510) which it had incurred as a result of the Canovas' default.

■ AmerUs was not attempting to charge for attorney fees in a consumer credit loan context, which is prohibited. (*See* Iowa Code section 537.2507). In entering the reaffirmation agreement, AmerUs relinquished its immediate right to the property and continued to extend credit to the Canovas despite their bankruptcy. We decline to char-

acterize the reaffirmation agreement as a consumer credit loan grounded in statutory mandate as the Canovas urge. We find AmerUs's inclusion of expenses in the reaffirmation agreement legally permissible.

We affirm the district court's summary judgment in favor of AmerUs. In so doing, we need not address the Canovas' remaining claims.

AFFIRMED.