**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee,**

v.

**Kathleen MARTINSON, Individually and as Guardian of the Person and Conservator of the Property of Stephen C. Martinson, Appellant.**

No. 97–1582.

Supreme Court of Iowa.

Feb. 17, 1999.

Max E. Kirk of Ball, Kirk, Holm & Nardini, P.C., Waterloo, and Thomas Wolf and Joseph F. Chase of O'Brien, Ehrick, Wolf,

Deaner & Maus, L.L.P., Rochester, Minnesota, for appellant.

Donald H. Gloe of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

CARTER, Justice.

Kathleen Martinson, as plaintiff seeking loss-of-consortium recovery and as guardian of Stephen Martinson seeking damages for personal injuries, appeals from a declaratory judgment that the underinsured motorist coverage and medical payment coverage contained in the Martinsons' family automobile policy with the Prudential Insurance Company of America (Prudential) do not extend to the loss for which they seek recovery.

On January 25, 1995, Stephen Martinson was driving a truck owned by his employer, United Parcel Service, when his vehicle was struck by a semitrailer that had failed to obey a traffic signal. The United Parcel Service truck was furnished to Stephen for his frequent use. Stephen sustained serious and permanent injuries from the collision. Stephen's guardian, Kathleen Martinson, alleges that the liability insurance covering the owner and driver of the semitrailer vehicle is inadequate to provide Stephen and her with a full recovery for the damages sustained. As evidence of the inadequacy of the tortfeasor's liability insurance, she points to the fact that workers' compensation benefits to be received by the Martinsons will exceed the limits of that insurance. The appellants assert that the policy exclusion applied by the district court is ambiguous. They also contend that, in any event, recognizing such an exclusion would contravene the statutory requirements for underinsured motorist insurance coverage established by statute. After reviewing the record and considering the arguments presented, we affirm the judgment concerning the medical payment coverage and reverse the judgment concerning the underinsured motorist coverage.

The district court concluded that the underinsured motorist coverage and medical payment coverage in the Martinsons' policy with Prudential did not apply. The denial of underinsurance motorist coverage was based on an exclusion in the policy that states the insurer will not pay for bodily injury to the insured if "using a nonowned car not insured under this part, regularly used by [the insured]." In seeking to uphold the district court's judgment, Prudential argues that the truck owned by United Parcel Service that Stephen was driving when his injuries were sustained was a nonowned car not insured under its policy and regularly used by Stephen. The Martinsons counter this argument by referring to the definition of a nonowned car in the Prudential policy. That definition is as follows:

A non-owned car is a car which is not owned by, registered in the name of or furnished or available for the regular or frequent use of you or a household resident.

The Martinsons urge that, because the exclusion relied on by the district court only pertains to use of a nonowned car and the United Parcel Service truck was not a nonowned car as defined in the policy, the exclusion does not apply.

The underinsured motorist coverage provisions of the Prudential policy are broadly stated as follows:

'If you have this coverage' ... we will pay up to our limit of liability for bodily injury that is covered under this part when an insured (whether or not occupying a car) is struck by an underinsured motor vehicle. Our payment is based on the amount that an insured is legally entitled to recover for bodily injury....

▮ When coverage is granted in broad terms, an insurer must define exclusions in clear and explicit terms and also bear the burden of proving the applicability of an exclusion. *Farm & City Ins. Co. v. Gilmore*, 539 N.W.2d 154, 157 (Iowa 1995); *State Farm Auto. Ins. Co. v. Malcolm*, 259 N.W.2d 833, 835 (Iowa 1977); *Benzer v. Iowa Mut. Tornado Ins. Ass'n*, 216 N.W.2d 385, 388 (Iowa 1974). Exclusions from coverage are construed strictly against the insurer. *Gilmore*, 539 N.W.2d at 157.

Although we find that the Martinsons' argument that the motor vehicle Stephen was driving was not a nonowned car as defined in the policy is appealing, we are convinced that there is a more paramount reason why the exclusion relied on by the district court may not be applied. To do so would be contrary to our recognition in *Hornick v. Owners Insurance Co.*, 511 N.W.2d 370, 372 (Iowa 1993), that ordinarily underinsured coverage protects and follows the person, not the vehicle. In *Veach v. Farmers Insurance Co.*, 460 N.W.2d 845 (Iowa 1990), we found that an exclusion purporting to negate underinsured motorist coverage while the insured was occupying a nonowned vehicle was invalid. In so doing, we distinguished this type of exclusion from an owned-but-not-insured exclusion. We identified the distinction as follows:

> When an "owned-but-not-insured" clause comes into play, the insured has control of the vehicle and the coverage on it. If a person decides to buy a small amount of underinsured motorist coverage for it, *Kluiter[v. State Farm Mut. Auto Ins. Co.*, 417 N.W.2d 74 at 76 (Iowa 1987),] holds that the insured must live with that choice.... In the case of a "not-owned-but-insured" clause, as in this case, the insured will often not have any control over the coverage of the vehicle in which he or she is riding.

*Veach*, 460 N.W.2d at 847. Based on these considerations, we hold that, even if the exclusion to underinsured motorist coverage relied on by Prudential could be upheld under a correct interpretation of the policy, that exclusion may not be given effect because to do so would deny coverage mandated by Iowa Code chapter 516A. Similar exclusions have been invalidated by a Texas appellate court in *Bilbrey v. American Automobile Insurance Co.*, 495 S.W.2d 375, 376 (Tex.Ct.Civ.App.1973), and a Washington appellate court in *Grange Insurance Ass'n v. Great American Insurance Co.*, 89 Wash.2d 710, 575 P.2d 235, 239 (Wash.1978).

We also consider Prudential's contention that the truck driven by Stephen was not a car as defined in the policy, and thus, none of the insurance coverages are triggered by the event that caused his injuries. For purposes of the underinsured motorist coverage, this argument must fail because the insuring clause of that coverage clearly confers coverage under that part "when an insured (whether or not occupying a car) is struck by an underinsured motor vehicle." A Colorado appellate court reached the same conclusion with respect to an identical Prudential policy. *Prudential Property & Cas. Ins. Co. v. LaRose*, 919 P.2d 915, 917 (Colo. Ct.App.1996). We believe it is otherwise, however, with respect to the medical payment section of the policy. Unlike underinsured motorist insurance for which a specified type of coverage is mandated by statute, medical payment coverage is a matter of contract. The medical payment coverage is dependent upon the sustaining of medical or funeral expenses resulting from a "car accident." Neither of the vehicles involved in the accident that produced Stephen's injuries was a "car" as defined in the policy.[1]

We have considered all issues presented and conclude that the district court's declaratory judgment with respect to the medical payments coverage should be affirmed, and the judgment relating to the underinsured motorist coverage should be reversed. The case is remanded to the district court for a declaratory judgment that the underinsured motorist benefits provided under the Prudential policy are payable to the extent that his injuries exceed other available sources of recovery.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

1. The word "car" is defined for all purposes in the policy as "a private passenger automobile, station wagon, Jeep-type, or van with four wheels which is designed for use mainly on public roads."