# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2318

_____

Matthew Lefler, as Executor of the
Estate of Daisy Bender and as
Successor Fiduciary of Estate of
LaVerne, Bender,

    Appellant,

  v.

General Casualty Company of
Wisconsin,

    Appellee.

\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.

_____

Submitted: February 16, 2001

Filed: August 15, 2001

_____

Before WOLLMAN, Chief Judge, BRIGHT, and MORRIS SHEPPARD ARNOLD,
  Circuit Judges.

_____

WOLLMAN, Chief Judge.

Matthew Lefler, representative of the estates of Daisy and LaVerne Bender, appeals from the adverse grant of summary judgment entered by the district court[1] in his declaratory judgment action against General Casualty Company of Wisconsin (General Casualty). We affirm.

## I.

LaVerne Bender was injured on July 27, 1997, when the motorcycle on which he was riding, which he owned, collided with an automobile. He later died from his injuries. His wife, Daisy Bender, subsequently brought this declaratory judgment action against General Casualty, which provided an insurance policy to LaVerne Bender that listed on the declarations page two vehicles, but not the motorcycle. Daisy Bender died in October of 1999; this action was continued by Lefler, her son, for the estates.

Lefler's claim is based on the underinsurance portion of the insurance policy issued to LaVerne Bender by General Casualty. The relevant part of the underinsurance section provides:

### UNDERINSURED MOTORIST COVERAGE - IOWA

. . .

We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury" caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle."

. . .

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

**EXCLUSIONS**

A. We do not provide Underinsured Motorist Coverage for bodily injury sustained by any person:

    1.        While "occupying," or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. . . .

Appellant's App. at 133.

General Casualty refused underinsurance coverage to the Benders based on the A.1 exclusion. It noted that provisions like A.1, which are considered "owned-but-not-insured" clauses, have been upheld in the Iowa courts to exclude coverage in similar situations, where an insured could have insured the vehicle he owned but did not.

Lefler moved the district court to certify to the Iowa Supreme Court the state-law question whether a surviving spouse can recover for the personal injury and death of the other spouse under the underinsurance section of an insurance policy on vehicles other than the one operated and owned by the spouse at the time of the accident. Lefler specifically challenged the exclusionary clause because it did not coordinate with the "covered auto" provision or any other provisions of the policy.

The district court determined that under its local rules and the Iowa statutory provision for certification, Iowa Code Ann. § 684A.1,[2] certification would be

---

[2]    The supreme court may answer questions of law certified to it by . . . a United States district court . . . , when requested by the certifying court, if there are involved in a proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the appellate courts of this state.

inappropriate unless it found itself genuinely uncertain about a question of state law. The court found that controlling precedent existed on the validity of owned-but-not-insured clauses like the one at issue and thus denied the motion to certify. The court subsequently granted summary judgment to General Casualty, concluding that the exclusionary clause excluded coverage for the motorcycle accident. Lefler appeals, arguing that the district court erred in refusing to certify and in finding that the exclusionary provision precluded coverage for his claim.

We review the district court's grant of summary judgment de novo. Henerey v. City of St. Charles, 200 F.3d 1128, 1131 (8th Cir. 1999). Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). "The question of certification is committed to the sound discretion of the district court." Allstate Ins. Co. v. Steele, 74 F.3d 878, 881 (8th Cir. 1996).

## II.

"State law controls the construction of insurance policies when a federal court is exercising diversity jurisdiction." Bell v. Allstate Life Ins. Co., 160 F.3d 452, 455 (8th Cir. 1998). We review the district court's determination of state law de novo. Id.

Under Iowa law, when coverage "is granted in broad terms, an insurer must define exclusions in clear and explicit terms and also bear the burden of proving the applicability of an exclusion." Prudential Ins. Co. of America v. Martinson, 589 N.W.2d 64, 65 (Iowa 1999). Exclusions from coverage are construed strictly against the insurer, id., and state courts must "interpret ambiguous policy provisions in [the insured person's] favor. Ambiguity exists if, after the application of pertinent rules of

Iowa Code Ann.§ 684A.1 (West 1998).

interpretation to the policy words, a genuine uncertainty results as to which one of two or more meanings is the proper one." Grinnell Mut. Reins. Co. v. Voeltz, 431 N.W.2d 783, 785 (Iowa 1988).

Although "[u]ninsured and underinsured coverage protects and follows the person, not the vehicle," Hornick v. Owners Ins. Co., 511 N.W.2d 370, 372 (Iowa 1993), owned-but-not-insured exclusionary clauses have been upheld in Iowa as denying coverage under the uninsurance and underinsurance policy sections of insurance policies for injuries to an insured resulting from an accident that occurred while he occupied or operated a vehicle he owned but had not specifically insured under the relevant policy. LeMars Mut. Ins. Co. v. Joffer, 574 N.W.2d 303, 308-09 (Iowa 1998) (discussing substantial litigation focusing on owned-but-not-insured exclusions); Dilly v. Grinnell Select Ins. Co., 563 N.W2d 197, 199 (Iowa Ct. App. 1997) ("'Owned but not insured' clauses are valid under Iowa law."). These provisions are designed to avoid a duplication of insurance or other benefits. Joffer, 574 N.W.2d at 309. When reviewing an owned-but-not-insured clause, Iowa courts have noted that "the insured has control of the vehicle and the coverage on it. If a person decides to buy a small amount of underinsured motorist coverage for it, . . . the insured must live with that choice." Martinson, 589 N.W.2d at 66 (quoting Veach v. Farmers Ins. Co., 460 N.W.2d 845, 847 (Iowa 1990)). "If an insurer is required to insure against a risk of an undesignated but owned vehicle, or a different and more dangerous type of vehicle of which it has no knowledge, it is thereby required to insure against risks of which it is unaware, unable to underwrite, and unable to charge a premium therefor." Dessel v. Farm and City Ins. Co., 494 N.W.2d 662, 664 (Iowa 1993) (citation omitted). The Iowa Supreme Court has also noted that a denial of underinsurance coverage does not fully deny the insured some coverage for the injuries received. Id.

We turn then to the specific owned-but-not-insured provision in this case. Iowa courts have upheld virtually identical clauses in situations similar to the present case.

In Dessel, the insured party, Dessel, was seriously injured when the motorcycle he was operating, which he owned, collided with a truck. Id. at 663, 664. Dessel did not have underinsurance coverage on the motorcycle, but a section of a policy on his pickup truck provided such coverage. Id. at 663. The insurance company that had issued the policy on the pickup refused coverage under an exclusion that, like the one in this case, provided: "We do not provide Underinsured Motorist Coverage for bodily injury sustained by any person: 1. While occupying . . . any motor vehicle owned by you . . . which is not insured for this coverage under this policy." Id. The parties had agreed, as in this case, that unless the exclusion was valid, Dessel would be entitled to coverage under the broad underinsurance provisions. Id. After reviewing Iowa's statutory scheme and discussing the practical justification for owned-but-not-insured clauses, the court upheld the exclusion. Id. at 663-64; see also Kluiter v. State Farm Mut. Auto. Ins. Co., 417 N.W.2d 74, 76-77 (Iowa 1987) (similar language, exclusion from underinsurance coverage upheld against public policy argument).

In Miller v. Westfield Ins. Co., 606 N.W.2d 301, 302-03 (Iowa 2000) (en banc), Miller was injured in an accident caused by an uninsured motorist that occurred while Miller was riding a motorcycle that he owned and which was covered by a policy that did not include uninsured motorist coverage. Miller owned a truck that was covered by a policy that provided such coverage, and he sought coverage under that provision of the truck policy. An exclusionary clause in the truck policy provided that uninsured motorist coverage would not be provided for "any person: . . . While occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy." Id. at 303. Overruling an earlier decision that had held such a clause to be unenforceable as contrary to state law, the Iowa Supreme Court held that the owned-but-not-insured clause was enforceable and upheld the denial of coverage. Id. at 306-07.

In light of the foregoing decisions, we conclude that the district court did not err in declining to certify the state-law question to the Iowa Supreme Court or in

concluding that the owned-but-not-insured provision in General Casualty's policy excluded coverage for the claim in question.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.