**FARM BUREAU MUTUAL INSURANCE COMPANY OF IOWA, Appellant,**

v.

**Eldon RIES, Personally and as Administrator of the Estate of Ryan Ries, Appellee.**

No. 95–599.

Supreme Court of Iowa.

July 24, 1996.

Edward G. Parker of Morain, Burlingame, Pugh & Koop, West Des Moines, for appellant.

Stephen J. Powell and Samuel C. Anderson of Swisher & Cohrt, P.L.C., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

This case involves a dispute between Farm Bureau Mutual Insurance Company (Farm Bureau) and its insured over underinsured motorist insurance coverage arising out of an automobile accident. The sole issue on this appeal is whether a Farm Bureau policy endorsement limiting its coverage is enforceable. We conclude that the endorsement is enforceable under Iowa Code section 516A.2 (1993) and, accordingly, reverse the district court judgment.

I. *Background Facts and Proceedings.*

The parties submitted this controversy to the district court upon stipulated facts. *See* Iowa Code ch. 678. Ryan Ries was one of four passengers in a vehicle driven by Deborah Bries which was involved in a two-car collision on July 4, 1993. The negligence of the driver of the other vehicle, David Feltes, was a proximate cause of the accident and any resulting injuries. Ryan Ries and Deborah Bries were both killed in the accident. The other three passengers in the vehicle, Cheryl Benn, Marty Boge, and Todd Drees sustained serious injuries.

Feltes had $300,000 in liability coverage for the accident. This was divided equally among the five persons in the Bries vehicle who were either killed or injured in the accident. Another $125,000 in dram shop coverage was divided into five shares and paid to the injured parties or their personal representatives by one of the two bars at which Feltes had been drinking prior to the accident. Suit has been filed against the other bar which also has liability limits of $125,000. The Bries vehicle was insured by State Farm and had underinsured motorist limits of $50,000 per person/$100,000 per occurrence.

Each of the passengers of the vehicle had their own underinsured motorist coverage which applied to this accident. This dispute arises out of the applicable limits of the Farm Bureau policy which applies to the claims of the administrator of the estate of Ryan Ries.

An endorsement to the Farm Bureau policy contains the following provision:

If the insured is injured while occupying a vehicle not owned by the named insured, coverage applies:

1) as excess to any un-insured or underinsured motor vehicle coverage which applies to the vehicle as primary coverage, but

2) only in the amount that does not exceed the applicable minimum limit required by Iowa law for bodily injury liability.

The parties stipulated that the underinsured motorist coverage on the Bries vehicle would be primary and the estate of Ryan Ries is entitled to underinsured motorist benefits from the Farm Bureau policy of at least $20,000. The parties submitted three issues for determination by the district court.

However, the district court addressed only the first issue, "Is the endorsement in the Farm Bureau policy enforceable?"

The court decided that the endorsement is not enforceable. Neither party filed a motion requesting the court to expand the ruling to include the other two issues.

On appeal Farm Bureau contends that the endorsement is enforceable under a 1991 amendment to Iowa Code section 516A.2 and our subsequent decisions. Our scope of review is for the correction of errors at law. Iowa R.App. P. 4.

## II. *Stacking Provisions—Generally.*

■■■ The amendment to section 516A.2 involved an antistacking provision. The term "stacking" is used

> to describe the situation which exists where a person who has more than one type of insurance covering injuries sustained by a given type of accident, sustains the type of injury so covered, and seeks to recover under each of the applicable policies or endorsements. It generally is held that stacking is permissible, unless precluded by statute, or by valid "other insurance" or "set off" clause, to the extent necessary to enable the injured person fully to recover his [or her] damages, but it will not be permitted to provide a double recovery, or any recovery in excess of proper damages.

7 Am.Jur.2d *Automobile Insurance* § 326, at 1009 (1980). Stacking is just another word to denote the availability of more than one policy, or one policy with multiple vehicles, providing reimbursement of the losses of the insured. Interpolicy stacking occurs when the insured recovers underinsured or uninsured benefits under more than one policy. In contrast, intrapolicy stacking occurs when the insured recovers underinsured or uninsured benefits under more than one vehicle under a single policy. *See* 3 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance* § 40.1, at 237 (2d ed.1992).

## III. *Section 516A.2.*

■■■ When we construe an underinsured motorist insurance policy and its endorsements, "section 516A.2 forms a basic part of the policy and we treat section 516A.2 as if the parties had actually written it into the policy." *Mewes v. State Farm Auto. Ins. Co.*, 530 N.W.2d 718, 722 (Iowa 1995). Before 1991 section 516A.2 provided as follows:

> Except with respect to a policy containing both underinsured motor vehicle coverage and uninsured or hit-and-run motor vehicle coverage, nothing contained in this chapter shall be construed as requiring forms of coverage provided pursuant hereto, whether alone or in combination with similar coverage afforded under other automobile liability or motor vehicle liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits for bodily injury or death prescribed in subsection 10 of section 321A.1. Such forms of coverage may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits.

Iowa Code § 516A.2 (1989). An amendment to the Iowa code, 1991 Iowa Acts ch. 213, § 30, added the following provisions to section 516A.2:

> To the extent that *Hernandez v. Farmers Insurance Co.*, 460 N.W.2d 842 (Iowa 1990), provided for interpolicy stacking of uninsured or underinsured coverages in contravention of specific contract or policy language, the general assembly declares such decision abrogated and declares that the enforcement of the antistacking provisions contained in a motor vehicle insurance policy does not frustrate the protection given to an insured under section 516A.1.
>
> 2. Pursuant to chapter 17A, the commissioner of insurance shall, by January 1, 1992, adopt rules to assure the availability, within the state, of motor vehicle insurance policies, riders, endorsements, or other similar forms of coverage, the terms of which shall provide for the stacking of uninsured and underinsured coverages with any similar coverage which may be available to an insured.

3. It is the intent of the general assembly that when more than one motor vehicle insurance policy is purchased by or on behalf of an injured insured and which provides uninsured, underinsured, or hit-and-run motor vehicle coverage to an insured injured in an accident, the injured insured is entitled to recover up to an amount equal to the highest single limit for uninsured, underinsured, or hit-and-run motor vehicle coverage under any one of the above-described motor vehicle insurance policies insuring the injured person which amount shall be paid by the insurers according to any priority of coverage provisions contained in the policies insuring the injured person.

Iowa Code § 516A.2 (1993).

We construe underinsured motorist insurance policies and endorsements in light of the intent of section 516A.2. *Mewes,* 530 N.W.2d at 722. We examined the legislature's intent behind the 1991 amendment in *Mewes:*

> In *Hernandez,* we expressly applied broad coverage analysis to an insurer's policies which sought to limit an injured party's total underinsurance recovery to the maximum policy limit of the insurer's policies. We held that since the insurer's antistacking provisions would have left the injured party without full compensation, the provisions were contrary to public policy and unenforceable. The general assembly responded to this analysis in *Hernandez* by expressly abrogating the opinion to the extent that we held that interpolicy stacking of underinsured benefits could occur despite specific contract or policy language to the contrary. In the unnumbered paragraph in section 516A.2(1), the legislature specifically stated that enforcement of limiting provisions ... will not frustrate the protection section 516A.1 provides an insured. The legislature's abrogation of *Hernandez* and section 516A.2(3)'s limitations on recovery under multiple policies demonstrate a clear intention on the part of the legislature to allow insurers to limit underinsured motorist benefits.

*Id.* at 724 (citations omitted).

Since our decision in *Mewes,* we have revisited the history of our law on antistacking provisions in motor vehicle insurance policies. In *Barron v. State Farm Mutual Automobile Insurance Co.,* 540 N.W.2d 423 (Iowa 1995), we stated that "following the 1991 amendment to section 516A.2, antistacking policy provisions pertaining to underinsured motorist coverage are valid and enforceable. This is true even when the various policies involved are issued by different insurers." *Barron,* 540 N.W.2d at 425.

## IV. *Farm Bureau's Endorsement.*

■ The Farm Bureau endorsement limits the underinsured coverage for an insured injured while occupying a vehicle not owned by the named insured to an "amount that does not exceed the applicable minimum limit required by Iowa law for bodily injury liability." Section 516A.2(1) specifically states that an insurer will not be required to offer uninsured or underinsured motorist coverage "in excess of those ... prescribed in subsection 10 of section 321A.1." We find the language of section 516A.2 permits the Farm Bureau endorsement limiting underinsured motorist benefits.

Both Ries and the district court rely on *Veach v. Farmers Insurance Co.,* 460 N.W.2d 845 (Iowa 1990), in finding the Farm Bureau policy unenforceable. The insurer in *Veach* sought to totally exclude coverage under its underinsured motorist policy when the insured was a passenger in a non-owned automobile. *Veach,* 460 N.W.2d at 846. We held the exclusion was invalid. *Id.* at 848. The Farm Bureau endorsement at issue here, however, is a limitation not an exclusion. Under its policy, Farm Bureau agrees the statutory minimum of $20,000 is payable to the insured. We hold the Farm Bureau endorsement is valid and enforceable. The district court judgment is reversed.

**REVERSED.**