Scott M. **MORTENSEN,** Appellant,

v.

**HERITAGE MUTUAL INSURANCE COMPANY and Milwaukee Guardian Insurance, Inc., Appellees.**

No. 97–1140.

Supreme Court of Iowa.

Feb. 17, 1999.

James A. Brewer of Newbrough, Johnston, Brewer, Maddux & Krauth, L.L.P., Ames, for appellant.

Paul Thune of Peddicord, Wharton, Thune & Spencer, Des Moines, for appellees.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and CADY, JJ.

CADY, Justice.

An insured appeals from a judgment entered by the district court following a joint motion for adjudication of law points. The district court interpreted Iowa Code section 516A.2 (1997) to prohibit stacking of uninsured motorist coverage under two insurance policies which did not contain antistacking provisions. We conclude the district court properly determined Iowa Code section 516A.2 did not permit stacking of insurance coverage in this case.

## I. Background Facts and Proceedings.

Scott Mortensen was riding his bicycle when he was struck by a vehicle operated by an uninsured driver. Mortensen, however, owned two insurance policies containing uninsured motorist coverage. One policy, issued by Milwaukee Guardian Insurance, insured his automobiles, while another policy from Heritage Mutual Insurance Company insured his motorcycle.

The Milwaukee policy limited uninsured coverage to $100,000 for each insured person. The Heritage policy limited coverage to $20,000 for each insured person. Mortensen requested the full amount of the coverage from each insurance company. The insurers agreed Mortensen's damages exceeded $120,000, but claimed section 516A.2 prevented stacking of coverage in the absence of a specific provision in the policy permitting stacking. Although they acknowledged their policies did not contain antistacking provisions, they claimed the policies also did not provide for stacking.[1] Accordingly, they claimed Mortensen was only entitled to receive a total of $100,000. The insurance companies paid Mortensen $100,000.

Mortensen argued section 516A.2 should be interpreted to permit stacking unless the policies contain antistacking provisions. The parties submitted the issue to the district court by a joint motion for adjudication of law points.

The district court determined Mortensen was not entitled to collect the additional $20,000 of coverage. It held section 516A.2 prohibited stacking of uninsured and underin-

---

1. The Milwaukee limits of liability clause does address *intrapolicy* stacking. *See Farm Bureau Mut. Ins. Co. v. Ries*, 551 N.W.2d 316, 318 (Iowa 1996) (addressing the distinction between intrapolicy and interpolicy stacking). It provides:

   We will pay no more than these maximums regardless of the number of vehicles described or premiums shown in the Declarations, insured persons, claims, claimants, policies, or vehicles involved in the accident. It is the intent of this paragraph not to allow stacking of the limit of liability under this coverage.

   The issue of intrapolicy stacking was not addressed in this case.

sured motorist coverage unless stacking was specifically permitted under the terms of the policy.

On appeal Mortensen claims he was entitled to the combined uninsured benefits from both policies. He contends Iowa Code section 516A.2 should be interpreted to permit the stacking of uninsured insurance benefits when the policy does not otherwise prohibit stacking.

## II. Standard of Review.

■ An adjudication of law points is confined to a determination of legal matters on uncontroverted pleadings. Iowa R. Civ. P. 105. Accordingly, our standard of review is for the correction of errors at law. Iowa R.App. P. 4; *State v. Olsen*, 482 N.W.2d 452, 455 (Iowa App.1992). Likewise, to the extent our determination involves the interpretation of a statutory provision or a provision in an insurance policy, our review is for correction of errors at law. *In re J.J.A.*, 580 N.W.2d 731, 737 (Iowa 1998).

## III. Stacking of Insurance Coverage.

■ Stacking is a term which refers to the availability of more than one insurance policy, or one policy with multiple vehicles,

providing reimbursement of the losses of the insured. *Farm Bureau Mut. Ins. Co. v. Ries*, 551 N.W.2d 316, 318 (Iowa 1996). It can occur either interpolicy or intrapolicy. *Id.* Interpolicy stacking occurs when the insured recovers underinsured or uninsured benefits under more than one policy. *Id.* Intrapolicy stacking occurs when the insured recovers underinsured or uninsured benefits for more than one vehicle under a single policy. *Id.*

■ Our law governing stacking of insurance coverage is found in Iowa Code section 516A.2.[2] This section was amended by our legislature in 1991 to establish our current law on stacking. *See* 1991 Iowa Acts ch. 213, § 30. It first declares antistacking provisions contained in a motor vehicle insurance policy are enforceable. Iowa Code § 516A.2(1). This declaration specifically abrogated our decision in *Hernandez v. Farmers Insurance Co.*, 460 N.W.2d 842 (Iowa 1990), and signaled our legislature's intention to intervene into the area. In *Hernandez*, we held antistacking provisions were unenforceable because they frustrated the mandatory uninsured and underinsured coverage requirements of section 516A.1. Thus, the first subsection of section 516A.2 clearly re-

2. Section 516A.2 provides:

1. Except with respect to a policy containing both underinsured motor vehicle coverage and uninsured or hit-and-run motor vehicle coverage, nothing contained in this chapter shall be construed as requiring forms of coverage provided pursuant hereto, whether alone or in combination with similar coverage afforded under other automobile liability or motor vehicle liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits for bodily injury or death prescribed in subsection 10 of section 321A.1. Such forms of coverage may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits.
· To the extent that *Hernandez v. Farmers Insurance Company*, 460 N.W.2d 842 (Iowa 1990), provided for interpolicy stacking of uninsured or underinsured coverages in contravention of specific contract or policy language, the general assembly declares such decision abrogated and declares that the enforcement of the antistacking provisions contained in a motor vehicle insurance policy

does not frustrate the protection given to an insured under section 516A.1.
2. Pursuant to chapter 17A, the commissioner of insurance shall, by January 1, 1992, adopt rules to assure the availability, within the state, of motor vehicle insurance policies, riders, endorsements, or other similar forms of coverage, the terms of which shall provide for the stacking of uninsured and underinsured coverages with any similar coverage which may be available to an insured.
3. It is the intent of the general assembly that when more than one motor vehicle insurance policy is purchased by or on behalf of an injured insured and which provides uninsured, underinsured, or hit-and-run motor vehicle coverage to an insured injured in an accident, the injured insured is entitled to recover up to an amount equal to the highest single limit for uninsured, underinsured, or hit-and-run motor vehicle coverage under any one of the above described motor vehicle insurance policies insuring the injured person which amount shall be paid by the insurers according to any priority of coverage provisions contained in the policies insuring the injured person.
Iowa Code § 516A.2 (1997).

flects legislative intent to permit insurers to include provisions in insurance policies which prohibit the stacking of uninsured and underinsured motorist benefits. We respect our legislature's judgment.

Secondly, the section establishes that the insured and insurer may contract to include stacking of uninsured and underinsured coverage in a policy. Iowa Code § 516A.2(2). Thus, even though antistacking provisions may be included in an insurance policy, the parties may contract for provisions that provide for stacking, and, presumably, pay an additional premium for the coverage.

Finally, Iowa Code section 516A.2(3) provides if more than one policy is purchased containing uninsured or underinsured motorist coverage, an insured injured by an uninsured or underinsured motorist is entitled to recover up to an amount equal to the highest limit for such coverage "under any *one*" of the policies. *Id.* § 516A.2(3) (emphasis added). It also provides the amount shall be paid by the *insurers* according to any priority of coverage provisions in the policies. *Id.*

This final provision primarily impacts the issue presented on appeal in this case. Mortensen argues section 516A.2(3) merely emphasizes insurers may place antistacking provisions in the policies. Heritage and Milwaukee argue this interpretation would essentially render subsections one and three duplicative. They claim section 516A.2(3) exists to provide direction under the circumstances presented in this case.

## IV. Iowa Code Section 516A.2.

In construing statutes, we give effect to the legislature's intention. *Mewes v. State Farm Auto Ins. Co.,* 530 N.W.2d 718, 722 (Iowa 1995). In ascertaining legislative intent, we consider the language used in the statute, the object sought to be accomplished, and the wrong to be remedied. *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.,* 461 N.W.2d 291, 293 (Iowa 1990). We consider all parts of an enactment together and do not place undue importance on any single or isolated portion. *Mewes,* 530 N.W.2d at 722.

In order to give effect to the entirety of section 516A.2, we conclude the rule provided in subsection three applies in the absence of stacking language in the contract. Thus, when the contract is silent regarding the stacking of uninsured benefits, the insured is entitled to recover up to the highest policy limit, with no stacking of coverage. This interpretation gives meaning to the rest of the statute, particularly the amendment abrogating *Hernandez.* On the other hand, Mortensen's interpretation would render subsections one and three duplicative, which we avoid in our statutory construction. This interpretation is also consistent with the concept that section 516A.2 is read into the contract. *Ries,* 551 N.W.2d at 318. Thus, it is understandable our legislature would want to incorporate guidelines for insurance companies to follow to determine the amount and manner of payment of multiple underinsured or uninsured motorist coverage in the absence of a stacking provision.

## V. "Other Insurance" Clauses.

Mortensen nevertheless argues the insurance policies provide for stacking of insurance benefits. He claims the "other insurance" clauses contained in the policy permit stacking. Thus, we must further examine the provisions of the policies to determine if stacking was provided as contemplated by section 516A.2(2).

Interpretation and construction of an insurance contract are technically distinct exercises. *LeMars Mut. Ins. Co. v. Joffer,* 574 N.W.2d 303, 306 (Iowa 1998). Interpretation requires the court to determine the meaning of contractual words, while construction of an insurance policy requires the court to determine its legal effect. *Id.* Generally, when two insurance companies provide insurance on the same loss, the question of their respective insurance obligations is determined by a construction of the language used by the respective insurers and not upon any arbitrary rule or circumstance. *Truck Ins. Exch. v. Maryland Cas. Co.,* 167 N.W.2d 163, 164 (Iowa 1969).

The controlling consideration in interpreting insurance policies is the intent of the parties. *Iowa Comprehensive Petroleum*

**40**

*Underground Storage Tank Fund Bd. v. Farmland Mut. Ins. Co.,* 568 N.W.2d 815, 818 (Iowa 1997). Unless the policy is ambiguous, we ordinarily determine that intent from the language of the policy. *LeMars Mut. Ins. Co.,* 574 N.W.2d at 307.

Where an insured has attempted to recover uninsured motorist coverage under more than one policy issued to the insured by different insurance companies, courts may consider the effect of "other insurance" clauses in the policies. *See* Janet Boeth Jones, Annotation, *Combining or "Stacking" Uninsured Motorist Coverages Provided in Policies Issued by Different Insurers to the Same Insured,* 21 A.L.R.4th 211, 213 (1983). Generally, however, there is a distinction between the concepts of stacking and other insurance provisions. *See* 12 Couch on Insurance § 169:9, at 169–23 (3d ed.1998). Stacking concerns whether more than one coverage should be paid to an insured. *Id.* Other insurance clauses, on the other hand, apply after a determination of the applicability of stacking has been made, and address rules of responsibility between insurance companies. *Id.; see also Goetz v. American Reliable Ins. Co.,* 844 P.2d 366, 370 (Utah Ct.App.1992).[3]

The Milwaukee and Heritage policies contain similar other insurance clauses. The Milwaukee other insurance clause states:

> If there is other applicable uninsured motorist insurance on a loss covered by this Part, we will pay our proportionate share as our limit of liability bears to the total of all applicable limits. Any insurance afforded under this Part for a vehicle you do not own is excess over any other applicable uninsured motorist insurance.

The Heritage other insurance provision provides:

> If there is other similar insurance on a loss covered by either Coverage C [uninsured motorist] or Coverage D [underinsured motorist], we will pay our proportionate share as our limits of liability bear to the total limits of all applicable similar insur-

ance. But, insurance afforded under Coverage C and Coverage D for a vehicle you do not own is excess over any other applicable similar insurance.

Mortensen claims the "total" of all applicable insurance limits of liability in the other insurance clauses means he is entitled to collect $120,000 under the insurance policies. The other insurance clauses in this case, however, address how much each company must contribute to an insured's loss when other insurance coverage for the same loss exists. They do not entitle an insured to stack policies. In both policies the companies agreed to pay their "proportionate share" as the limit bears to "the total of all applicable limits." The application of these clauses is consistent with Iowa Code section 516A.2(3) which provides the amount paid by the insurers shall be governed by the priority of coverage provisions in the policy.

In this case, the total of all applicable limits is $120,000. Because stacking is not permitted, however, the total becomes relevant to determine the insurance companies' proportionate share of the liability (*i.e.* Milwaukee must pay 83.3% (100,000/120,000) and Heritage must pay 16.7% (20,000/120,000)). The clauses do not permit stacking. Accordingly, we affirm the district court decision.

### VI. Conclusion.

We conclude Iowa Code section 516A.2 prohibits stacking of uninsured motorist coverage unless specifically provided in the insurance policy. We affirm the district court.

**AFFIRMED.**

---

3. Although technically inaccurate and potentially misleading, some courts use other insurance clauses to find amounts under one coverage should be offset against the limits of second coverage, and conclude stacking is not permitted. *See* 12 Couch on Insurance § 169:9, at 169–23 (3d ed.1998).